**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN  DIVISION**

| | | |
|---|---|---|
| JULIO TELLO and ROSA TELLO | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:_____ |
| | § | |
| | § | **(JURY DEMANDED)** |
| STATE FARM LLOYDS | § | |

---

## INDEX OF MATTERS BEING FILED

---

1.     Copy of state court Docket Sheet;
2.     Copy of Plaintiff's Original Petition;
3.     Copy of Citation;

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495
Fax: (956) 428-2954

By: _/s/  Craig H. Vittitoe_
          CRAIG H. VITTITOE
          State Bar No. 20593900
          Federal I.D. No. 18756
          _chvittitoe@adamsgraham.com_

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 7th day of February, 2017:

Christopher Lee Phillippe   Via E-Service:  _clphillippe@cameroncountylawyer.com_
**LAW OFFICE OF PHILIPPE & ASSOCIATES**
248 Billie Mitchell
Brownsville, Texas 78521
Attorney for Plaintiff **JULIO AND ROSA TELLO**

          By: _/s/ Craig H. Vittitoe_
                    Craig H. Vittitoe

CIVIL ACTION NO. _____

# TAB 1

## TO INDEX OF MATTERS BEING FILED

**iDocket.com** — Your gateway to court case information.

[ Home ] [ Site Map ] [ Log Out ]

Search | Case History | Parties | Attorneys | Links | Services

[ All ] | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
**iDocket.com**

[ View Case Track™ ] ———— [ Start Case Track™ ]

Civil Docket; Case CL-17-0256-A 3450097; All Other Civil Cases (OCA)
Julio Tello, Rosa Tello vs State Farm Lloyds
Filed 01/19/2017 - Disposition:
County Court at Law #1, County Clerk, Hidalgo County, Texas

[ Help ]

View Document Images

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 01/19/2017 | Original Petition (OCA) Plaintiff's Original Petition and Dema nd for Jury | | " | .00 |
| 01/19/2017 | Affidavit Exhibit No. 1 | | " | .00 |
| 01/24/2017 | Citation Issued STATE FARM LLOYDS BY CERT MAIL 9214890 1066154000101649586 | | " | .00 |
| 01/30/2017 | Service Returned - Served SERVED CHRIS SAIZAN | | " | .00 |

Search | Case History | Parties | Attorneys | Links | Services     [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: adamsgraham
Viewed as of: February 7, 2017, time: 09:53:43

CIVIL ACTION NO. _____

# TAB 2

## TO INDEX OF MATTERS BEING FILED

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CAUSE NO. <u>CL-17-0256-A</u>

| | | |
|---|---|---|
| **JULIO TELLO and** | § | **IN THE COUNTY COURT** |
| **ROSA TELLO** | § | |
| | § | |
| **VS.** | § | **AT LAW NO. ____** |
| | § | |
| | § | |
| **STATE FARM LLOYDS** | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## AND DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JULIO TELLO AND ROSA TELLO**, herein called "Plaintiffs",

complaining of **STATE FARM LLOYDS**, hereinafter called "Defendant," and for cause of

action would respectfully show unto the Court the following:

### I.

### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiffs are individuals residing in Hidalgo County, Texas. Discovery should be Level

III.

Defendant, STATE FARM LLOYDS, is a Domestic corporation authorized to engage in

the insurance business in the State of Texas, may be served by serving its registered agent for

service of process, Corporation Service Company DBA CSC Lawyers Incorporated Services

Company, 211 E. 7th Street Suite 620, Austin, Texas 78701. Service is requested by certified

mail, return receipt requested at this time.

### II.

### AGENCY AND RESPONDEAT SUPERIOR

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

## CL-17-0256-A

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

### III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendant, in that he purchased insurance from said entity and/or service to be provided by it. Said Defendant is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitutes persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

### IV.

Defendant, STATE FARM LLOYDS, is Plaintiffs' homeowner's insurance company. The actions set forth in this complaint were committed by the Defendant, or its actual or apparent agents. Plaintiffs own and/or reside in a dwelling at 812 Topaz Trail, Laredo, Texas 78045. Defendant provided coverage to the Plaintiffs under a Homeowners policy, for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of storm damage, including damage from wind and/or hail damages resulting therefrom, and Plaintiffs promptly and timely and reported same to Defendants pursuant to the terms of the insurance policy.

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-17-0256-A

**V.**

On or about May 26, 2015, the Plaintiffs' home sustained damages caused by the wind/hail peril, including damage to the roof and architectural finished. Damages include the cost of construction, repairs, and restoration of the home, necessary to repair the damages to Plaintiff's residence. **(Please see Plaintiff's Exhibit No. 1 Attached hereto and incorporated for all purposes / A copy of the estimate of repair from HBC Technology, LLC in the amount of $21,965.13.)** These constituted covered damages under Plaintiffs' homeowner's insurance policy with the Defendant, STATE FARM LLOYDS.

**VI.**

Defendant, STATE FARM LLOYDS, and its adjuster have had ample opportunity to inspect Plaintiffs' property, in connection with Plaintiffs' claim for property damage. Defendant knew or should have known that Plaintiffs had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. STATE FARM LLOYDS was also made aware of the need to perform repairs to the damages to Plaintiffs home as a result of the wind and/or hail storm. STATE FARM LLOYDS knew that a substantial covered loss was owed. Nonetheless, STATE FARM LLOYDS denied, delayed, grossly underpaid, and/or failed to properly investigate some or all Plaintiffs covered losses with no reasonable basis. STATE FARM LLOYDS has failed to act promptly or to conduct a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein.

**VII.**

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-0256-A**

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiffs were forced to file suit to seek the policy benefit to which they are entitled. STATE FARM LLOYDS knew that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

## VIII.

Such denials, delays, refusals and/or failures to pay by STATE FARM LLOYDS was in bad faith, and constitute breaches of the covenant of good faith and fair dealing, which breached were a proximate cause of damages to the Plaintiffs, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claims for damage, and STATE FARM LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Defendant conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendant, STATE FARM LLOYDS was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendant, STATE FARM LLOYDS, amounts to one or more of the following:

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-0256-A**

(c) failing to handle or process the Plaintiffs claims in good faith, in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

(f) refusing to fully pay a claim without a reasonable basis in violation of common law;

(g) delaying full payment of a claim without a reasonable basis in violation of common law;

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connecting which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to include the consumer into a transaction which the consumer would not have entered had the information been disclosed; and

---

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-17-0256-A

(m)violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented

the terms of the policy or other facts.

## IX.

As a result of all such conduct, Plaintiffs have been damages in an amount in excess of

the minimum jurisdictional limits of this Court.   In addition, the conduct of STATE FARM

LLOYDS was committed knowingly, and under circumstances constituting willful and wanton

and reckless disregard of the rights of the Plaintiffs and others similarly situated.   Such conduct

of STATE FARM LLOYDS was negligent and tortuous.   The conduct of STATE FARM

LLOYDS constituted negligent misrepresentation of fact, or actionable fraud.   The conduct of

STATE FARM LLOYDS proximately caused the injuries and damages to the Plaintiffs for

which they sue.   The total damages sought by Plaintiff against Defendants for all elements of

damages does not exceed the sum of $65,000.00, excluding exemplary damages, penalties, and

attorney's fees, and interest and costs.   Plaintiff will not seek or accept any damages, recover or

award that may be rendered in the above-captioned matter in excessive of $300,000.00.   Further,

Plaintiffs herein renounces any judgment in excess of $365,000.00, exclusive of interest and

costs which might be rendered in his favor.

## X.

All of the conditions precedent to bringing this suit under the policy and to the

Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed

or have occurred.

## XI.

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-0256-A**

Defendant has, by its conduct, breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs including consequential damages. In addition, Plaintiffs are entitled to recover attorney's fees in connection with Plaintiffs' contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

### XII.

Defendant owed the Plaintiffs significant sums for known losses. Further, under the contract of insurance, the Defendant owes the Plaintiffs reasonable compensation for additional living expenses because repairs to be performed to their residence and required by the above losses will require that they incur living expenses over and above those normally incurred while residing in the home.

### XIII.

The conduct of STATE FARM LLOYDS was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiffs and Plaintiffs' attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, STATE FARM LLOYDS conduct was malicious and fraudulent, and therefore, Plaintiffs seek punitive damages.

### XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred. More than sixty days prior to the filing of this petition, written demand for

---

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-17-0256-A

payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to the Defendant, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiffs complied with all terms and conditions of the policy, but their claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiffs and leave them free to sue for those benefits to which they are entitled that were denied or underpaid.* In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is stopped from asserting them, and/or the Plaintiffs substantially complied with them. Plaintiffs makes the same allegations of waiver or estoppels as to every defense, condition, or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to said Defendant.

## XV.

As to any exclusion or endorsement relied upon by the Defendant, Plaintiffs would show that such is void and does not form a portion of Plaintiffs' insurance policy with Defendant, STATE FARM LLOYDS. The reason this is so includes, but is not limited to the following:

(a) there is no consideration for such exclusion;

(b) such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c) such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-17-0256-A

(e) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is

unconscionable, and is void as against public policy;

(f) such exclusion is adhesive;

(g) any such exclusion is void as against public policy against creating a forfeiture, or ex

post-facto penalty;

(h) the attachment of such exclusion constituted bad faith cancellation of a portion of the

Plaintiffs' policy with Defendants. In particular, such cancellation of a portion of

Plaintiffs' coverage was in violation of the policy contract's own terms and also in

violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance

Code. Such exclusion should be declared void, and of no force and effect, and the

policy should be reformed to so reflect;

(i) the clear and unambiguous language of the policy provides coverage for dwelling

damage caused by water, including the cost of access to fix any leaking plumbing,

system, or appliance.

(j) In the alternative, any other construction of the language of the policy is void as

against public policy;

(k) In the alternative, should the Court find any ambiguity in the policy, the rules of

construction of such policies mandates the construction and interpretation urged by

Plaintiffs;

(l) In the alternative, Defendants are judicially, administratively, or equitably stopped

from denying Plaintiffs' construction of the policy coverage at issue;

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-0256-A**

(m) In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

(n) Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o) The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

## XVI.

Plaintiffs assert all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas Insurance Code causes of action against STATE FARM LLOYDS at this time for actual damages and attorney's fees Chapter 542 penalties.   Plaintiffs seek from STATE FARM LLOYDS actual, additional, exemplary, as wells as all other damages and penalties available at law, including loss of the use and enjoyment of the home.

## XVII.

## DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court that upon final hearing and trail hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show themselves justly entitled, either at law or in

Electronically Submitted
1/19/2017 3:07:41 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-0256-A**

equity, either general or special, including judgment against the Defendant for actual damages,

attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if

allowed by law, and including judgment for additional damages and punitive damages under the

facts set forth in this or any amended pleading.

Respectfully submitted,

Law Office of Phillippe & Associates
248 Billy Mitchell Blvd.
Brownsville, Texas 78521
Tel: (956) 544-6096
Fax: (956) 982-1921
E-mail: clphillippe@cameroncountylawyer.com

CIVIL ACTION NO. _____

# TAB 3

## TO INDEX OF MATTERS BEING FILED

DOCKET NO. CL-17-0256-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:   STATE FARM LLOYDS
      CORPORATION SERVICE COMPANY
      D/B/A CSC LAWYERS INCORPORATED SERVICES
      211 E 7TH STREET SUITE 620
      AUSTIN, TEXAS  78701

GREETING:

     YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

 Said Plaintiff's Petition was filed in said Court, on the 19th day of January, 2017 in this Cause Numbered CL-17-0256-A on the docket of said Court, and styled,

**JULIO TELLO; ROSA TELLO**
**vs.**
**STATE FARM LLOYDS**

     The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
     CHRISTOPHER LEE PHILLIPPE
     320 W TYLER AVE
     HARLINGEN, TEXAS  78550

     The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

     ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 24th day of January, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #1

BY _____ DEPUTY
        ESTER C. ESPINOZA

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____ , 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

     NAME _____ DATE _____ TIME _____ PLACE _____

     By: _____          By: _____
               CIVIL PROCESS SERVER                        DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____

     By; _____          By: _____
               CIVIL PROCESS SERVER                        DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number